UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISTIAN VENABLE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEWISTON POLICE DEPARTMENT, | ) | Civil Action No:  2:17-cv-00302-JDL |
| CITY OF LEWISTON, | ) | |
| DEREK ST. LAURENT, and | ) | |
| KATHERINE ROONEY | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANTS LEWISTON POLICE DEPARTMENT, CITY OF LEWISTON, AND ST. LAURENT'S ANSWER TO PLAINTIFF'S COMPLAINT, MOTION FOR DECLARATORY JUDGMENT AND JURY TRIAL DEMAND**

NOW COME Defendants Lewiston Police Department, City of Lewiston and Derek St. Laurent (collectively, "Lewiston Defendants"), by and through undersigned counsel, and answer Plaintiff's Complaint as follows:

1.      Lewiston Defendants admit the allegations contained in paragraph 1 of the Complaint.

2.      Lewiston Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.      Lewiston Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.      Lewiston Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, deny the same.

5.      Lewiston Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, deny the same.

6.      Lewiston Defendants deny that Defendant Rooney showed any signs of being "mentally sick," and that she said that Plaintiff used guns to rape her, but admit that she told police that Plaintiff had forced her to have anal intercourse against her will and that she believed Plaintiff was trafficking women in New England for purposes of illegal sex.  Lewiston Defendants deny the allegations contained in the second and third sentences of paragraph 6 of the Complaint.

7.      Lewiston Defendants deny the allegations contained in paragraph 7 of the Complaint.

8.      Lewiston Defendants deny that they could not find anything to implicate Plaintiff and admit the remaining allegations contained in paragraph 8 of the Complaint.

9.      Lewiston Defendants admit that they conducted a non-custodial interview of Plaintiff and deny the remaining allegations contained in paragraph 9 of the Complaint.

10.     Lewiston Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.     Lewiston Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.     Lewiston Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.     Lewiston Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.     Lewiston Defendants admit that Plaintiff's counsel said he would seek charges against Ms. Rooney.

15.     Lewiston Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.     Lewiston Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     Lewiston Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint contains no allegation of fact against Lewiston Defendants, only opinion of counsel to which no response is required.

19.     Lewiston Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, deny the same.

20.     Paragraph 20 of the Complaint contains no allegation of fact against Lewiston Defendants, only opinion of counsel to which no response is required.

21.     Paragraph 21 of the Complaint contains no allegation of fact against Lewiston Defendants, only opinion of counsel to which no response is required.

22.     Paragraph 22 of the Complaint contains no allegation of fact against Lewiston Defendants, only opinion of counsel to which no response is required.

23.     The allegations contained in paragraph 23 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Lewiston Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint contains no allegation of fact against Lewiston Defendants, only opinion of counsel to which no response is required.

25.     Lewiston Defendants admit that the mayor and police chief of Lewiston received a copy of a letter from Plaintiff's counsel.  The letter was also addressed to Andrew Robinson, Esq. of the Androscoggin County District Attorney's office.  The Lewiston Defendants deny that this letter "implored" them to "do the right thing" and charge Ms. Rooney with false reporting. The letter only contained a request from Plaintiff's counsel that the city reprimand Defendant St. Laurent for allegedly being rude and dismissive of Plaintiff's counsel.  The letter did ask the District Attorney to charge Ms. Rooney with a crime, not the Lewiston Defendants who had no ability to approve criminal charges against anyone.  Lewiston Defendants deny the remaining allegations contained in paragraph 25 of the Complaint.

26.     Lewiston Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     Lewiston Defendants admit that Plaintiff's counsel filed a complaint with the Mayor and Police Chief of the City of Lewiston against Defendant St. Laurent but deny the remaining allegations contained in paragraph 27 of the Complaint.  Lewiston Defendants deny that Plaintiff was ever in danger of "going to jail for a long time," as he only voluntarily participated in one, non-custodial interview with police and no charges were ever filed against him regarding the alleged sexual assault of Ms. Rooney.

28.     Lewiston Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     Lewiston Defendants admit that in his letter Plaintiff's counsel indicated his apparent belief that "there exists a malicious prosecution charge" that Plaintiff could bring against the police, but also indicating that he might not bring such a claim "if justice is voluntarily served in this matter."   Because Plaintiff was only interviewed once in a non-custodial, voluntary setting and was never charged with any crime, any threat by Plaintiff's

4

counsel to file a malicious prosecution action against police obviously was meritless and unworthy of a response.  Lewiston Defendants deny the allegations contained in paragraph 29 of the Complain.

30.     Lewiston Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint contains no allegation of fact against Lewiston Defendants, only opinion of counsel to which no response is required.

32.     Lewiston Defendants deny that there were any "falsely brought charges" against Plaintiff that they could "rectify."  Defendants deny that they ever brought any charges against Plaintiff or that charging Ms. Rooney was within their authority.

33.     Lewiston Defendants deny that there is anything succinct in this letter, which makes numerous allegations that are frivolous and groundless.

34.     Lewiston Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Paragraph 35 of the Complaint contains no allegation of fact against Lewiston Defendants, only opinion of counsel to which no response is required.

36.     Lewiston Defendants admit that Plaintiff's counsel filed a complaint against Defendant St. Laurent but deny the remaining allegations contained in paragraph 36 of the Complaint.

37.     Lewiston Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Lewiston Defendants deny that Defendant St. Laurent had authority to charge Ms. Rooney under the circumstances and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint contains no allegation of fact against Lewiston Defendants, only opinion of counsel to which no response is required.

40.     Paragraph 40 of the Complaint contains no allegation of fact against Lewiston Defendants, only opinion of counsel to which no response is required.

41.     Paragraph 41 of the Complaint contains no allegation of fact against Lewiston Defendants, only opinion of counsel to which no response is required.

## JURISDICTION AND NATURE OF THE COMPLAINT

42.     The allegations contained paragraph 42 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Lewiston Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Lewiston Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     The allegations contained paragraph 44 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Lewiston Defendants deny the allegations contained in paragraph 44 of the Complaint.

## CLAIMS FOR RELIEF

## COUNT I:

## VIOLATION OF 5TH AMENDMENT TO THE STATE AND U.S. CONSTITUTIONS/VIOLATION OF DUE PROCESS CLAUSE

45.     Lewiston Defendants repeat and reallege their responses contained in paragraphs 1 through 44 herein.

46.     Lewiston Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Lewiston Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Lewiston Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Lewiston Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Lewiston Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Lewiston Defendants deny the allegations contained in paragraph 51 of the Complaint.

<u>**COUNT II:**</u>

**VIOLATION OF 4TH AMENDMENT TO THE MAINE AND U.S. CONSTITUTIONS**

52.     Lewiston Defendants repeat and reallege their responses contained in paragraphs 1 through 51 herein.

53.     Lewiston Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Lewiston Defendants admit that at all times they were acting in the performance of official duties, but deny specific actions as alleged.

55.     Lewiston Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Lewiston Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Lewiston Defendants deny the allegations contained in paragraph 57 of the Complaint.

## COUNT III:

## VIOLATION OF 5TH AMENDMENT TO THE MAINE AND U.S. CONSTITUTIONS / DUE PROCESS CLAUSES

58.     Lewiston Defendants repeat and reallege their responses contained in paragraphs 1 through 57 herein.

59.     Paragraph 59 of the Complaint contains no allegation of fact against Lewiston Defendants, only opinion of counsel to which no response is required.

60.     Lewiston Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Lewiston Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     Lewiston Defendants deny alleged acts, but admit that Defendants' were acting within course and scope of employment at all times.

63.     Lewiston Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Lewiston Defendants deny the allegations contained in paragraph 64 of the Complaint.

## COUNT IV:

## VIOLATION OF 5TH AND 14TH AMENDMENTS TO THE MAINE AND U.S. CONSTITUTIONS (42 U.S.C § 1983)

65.     Lewiston Defendants repeat and reallege their responses contained in paragraphs 1 through 64 herein.

66.     Lewiston Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Lewiston Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Lewiston Defendants admit that Defendants acted under color of state law and in performance of official duties but deny the alleged actions contained in paragraph 68 of the Complaint.

69.     Lewiston Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     Lewiston Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Lewiston Defendants deny the allegations contained in paragraph 71 of the Complaint.

## COUNT V:

## VIOLATION OF 14TH AMENDMENT TO THE MAINE AND U.S. CONSTITUTIONS
### (42 U.S.C. §1983)

72.     Lewiston Defendants repeat and reallege their responses contained in paragraphs 1 through 71 herein.

73.     Lewiston Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Lewiston Defendants admit that Defendants acted under color of state law and in performance of official duties but deny the remaining allegations contained in paragraph 74 of the Complaint.

75.     Lewiston Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.     Lewiston Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.    Lewiston Defendants deny the allegations contained in paragraph 77 of the Complaint.

## COUNT VI:

## NEGLIGENCE/ABUSE OF PROCESS

78.    Lewiston Defendants repeat and reallege their responses contained in paragraphs 1 through 77 herein.

79.    Lewiston Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.    Lewiston Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.    Lewiston Defendants admit that they were acting within scope of employment at all times but deny the alleged actions contained in paragraph 81 of the Complaint.

82.    Lewiston Defendants deny the allegations contained in paragraph 82 of the Complaint.

## COUNT VII:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83.    Lewiston Defendants repeat and reallege their responses contained in paragraphs 1 through 82 herein.

84.    Lewiston Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.    Lewiston Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.    Lewiston Defendants deny the allegations contained in paragraph 86 of the Complaint.

## COUNT VIII:

### NEGLIGENT INFLICTION OF EMOTIOANL DISTRESS

87.     Lewiston Defendants repeat and reallege their responses contained in paragraphs 1 through 86 herein.

88.     Lewiston Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Lewiston Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.     Lewiston Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.     Lewiston Defendants deny the allegations contained in paragraph 91 of the Complaint.

## COUNT IX:

### DEFAMATION & FALSE LIGHT

92.     Lewiston Defendants repeat and reallege their responses contained in paragraphs 1 through 91 herein.

93.     Paragraph 93 of the Complaint is not a complete sentence and therefore no response is required.

94.     Plaintiff's counsel cut and pasted this from another case.  This is inapplicable to this case and no response is required.

95.     Lewiston Defendants deny the allegations contained in paragraph 95 based on Plaintiff's counsel cutting and pasting language from another case which is totally inapplicable to this case.

<u>**COUNT X:**</u>

**NEGLIGENT HIRING**

96.     Lewiston Defendants repeat and reallege their responses contained in paragraphs 1 through 95 herein.

97.     Lewiston Defendants deny the allegations contained in paragraph 97 of the Complaint.

98.     Lewiston Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.     Lewiston Defendants admit the allegations contained in paragraph 99 of the Complaint.

100.    Lewiston Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.    Lewiston Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.    Lewiston Defendants deny the allegations contained in paragraph 102 of the Complaint.

103.    Lewiston Defendants deny the allegations contained in paragraph 103 of the Complaint.

<u>**COUNT XI:**</u>

**NEGLIGENT SUPERVISON & TRAINING**

104.    Lewiston Defendants repeat and reallege their responses contained in paragraphs 1 through 103 herein.

105.    Lewiston Defendants deny the allegations contained in paragraph 105 of the Complaint and also state that the Police Chief is not a Defendant in this matter.

106.    Paragraph 106 of the Complaint contains no allegation of fact against Lewiston Defendants, only opinion of counsel to which no response is required.

107.    Lewiston Defendants deny the allegations contained in paragraph 107 of the Complaint.

108.    Lewiston Defendants deny the allegations contained in paragraph 108 of the Complaint.

## COUNT XII:

## MAINE UNFAIR TRADE PRACTICES ACT

109.    Lewiston Defendants repeat and reallege their responses contained in paragraphs 1 through 108 herein.

110.    Lewiston Defendants admit that demand was made but deny that this law has any applicability to this case.

111.    Lewiston Defendants admit the allegations contained in paragraph 111 of the Complaint although deny that there is any legal basis to say this.

112.    Lewiston Defendants deny the allegations contained in paragraph 112 of the Complaint.

## COUNT XIII:

## INVASION OF PRIVACY

113.    Lewiston Defendants repeat and reallege their responses contained in paragraphs 1 through 112 herein.

114.    Lewiston Defendants deny the allegations contained in paragraph 114 of the Complaint.

115.    Lewiston Defendants deny the allegations contained in paragraph 115 of the Complaint.

116.    Lewiston Defendants deny the allegations contained in paragraph 116 of the Complaint.

117.    Lewiston Defendants deny the allegations contained in paragraph 117 of the Complaint.

WHEREFORE, Lewiston Defendants respectfully request judgment in their favor on all Counts of Plaintiff's Complaint, plus their costs of suit.

## JURY DEMAND

Lewiston Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## AFFIRMATIVE DEFENSES

1.    Lewiston Defendants affirmatively defend by stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.    Lewiston Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the statute of limitations.

3.    Lewiston Defendants affirmatively defend by stating that their conduct was privileged.

4.    Lewiston Defendants affirmatively defend by stating that Plaintiff has failed to mitigate his damages.

5.    Lewiston Defendants affirmatively defend by stating that Plaintiffs' Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

6.    If any of the Lewiston Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

7.      Defendant municipality has no liability for damages because the conduct of its employees did not violate clearly established law, therefore any alleged failure to hire, train, manage, discipline, or supervise could not have been a proximate cause of Plaintiffs' damages.

8.      Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort.

9.      No clearly established rights of Plaintiff were violated by the Lewiston Defendants' actions.

10.     Plaintiff's voluntary participation in a non-custodial interview with police, who gave him the opportunity to respond to sexual assault accusations made against him by Ms. Rooney, does not in any way give rise to a cause of action under the Fourth or Fourteenth Amendments of either the U.S. Constitution or the State of Maine Constitution, or state tort law.

11.     Lewiston Defendants never seized Plaintiff, arrested Plaintiff, prevented Plaintiff from leaving the voluntary, non-custodial interview, or charged Plaintiff with any crime, and no cause of action exists under the Fourth or Fourteenth Amendments of either the U.S. Constitution or the State of Maine Constitution or state tort law arising out of Defendant's participation in such an interview.

12.     Lewiston Defendants affirmatively defend by stating that Plaintiff's alleged damages, if any, were not caused by any municipal policy or custom.

13.     Lewiston Defendants affirmatively defend by stating that Plaintiff's Complaint is barred for failure to comply with the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

14.     Lewiston Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

15.     Lewiston Defendants affirmatively defend by stating that any negligence on their part, if any, is less than that of Plaintiff and his recovery is therefore barred by the doctrine of comparative negligence.

16.     Declaratory relief is not warranted and is inappropriate because it would not terminate the controversy giving rise to these proceedings.  *See* 14 M.R.S.A § 5958 and 28 U.S.C. § 2201.

17.     Declaratory relief is inappropriate because all interested persons, including Maine's Attorney General, have not been made parties to this action.  *See* 14 M.R.S.A. § 5963.

18.     Plaintiff's "Complaint, Motion for Declaratory Judgment, Incorporated Memorandum of Law and Jury Trial Demand" is procedurally improper and impermissible under Rules 7 and 8 of the Federal Rules of Civil Procedure and the Maine Rules of Civil Procedure.

19.     While any publicity that resulted from a lawful arrest cannot support a claim of defamation or false light, in this case there was neither an arrest nor any publicity of accusations against Plaintiff by the Lewiston Defendants.

20.     Defendant Lewiston Police Department is not a separate entity from the City of Lewiston and does not have legal capacity to sue or be sued as a department of the city.

21.     Lewiston Defendants affirmatively defend by stating that no recognized form of service of process was utilized by Plaintiff's counsel in this case, as Lewiston Defendants were notified of this complaint only by fax from Plaintiff's counsel, and therefore there was insufficient service of process to commence this action in the Androscoggin County Superior Court.

DATED:  August 11, 2017              */s/ Edward R. Benjamin*
                                      Edward R. Benjamin, Jr.
                                      Kasia S. Park

*Attorneys for Defendants City of*
*Lewiston, Lewiston Police*
*Department, and St. Laurent*

Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

## CERTIFICATE OF SERVICE

I, Edward R. Benjamin, Jr., hereby certify that on August 11**,** 2017 I electronically filed the above Defendants' Answer to Plaintiff's Complaint and Jury Trial Demand with the Clerk of Court via email via e-mail at newcases.portland@med.uscourts.gov.  I also certify that I made service of the foregoing, by depositing a true copy of same, on this date, in the U.S. Mail, postage prepaid to:

Seth T. Carey
114 Congress Street
P.O. Box 100
Rumford, ME 04276


*/s/ Edward R. Benjamin*
Edward R. Benjamin, Jr.
*Attorney for Defendants*
Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com